SO ORDERED.

SIGNED this 26th day of October, 2012.





---

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| TOBACCO SQUARE LLC, | ) | Case No. 12-50856 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| TOBACCO SQUARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 12-06046 |
| | ) | |
| v. | ) | |
| | ) | |
| PUTNAM COUNTY BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Before the Court is the Motion to Dismiss (the "Motion") filed by Putnam County Bank ("PCB") on August 10, 2012. Tobacco Square LLC (the "Debtor") filed the Complaint seeking to avoid the liens held by PCB and to recover the interest in the subject property for the benefit of the estate. The Debtor contends that the Deed of Trust fails to identify the underlying debt and that PCB has not perfected its security interest in personal property. On August 10, 2012,

1

PCB filed the Motion, which asserts that the underlying debt is specifically described in an attached document, and that the personal property consists of fixtures and PCB properly filed a fixture filing. Upon consideration of the pleadings and the evidence presented at the hearing held on October 22, 2012, and for the following reasons, the Court will deny the Motion.

## I. FACTS

The Debtor is a single-asset real estate entity that owns 26 condominium units in a building located in Winston-Salem, North Carolina. The Debtor also owns certain items of personal property associated with the units, including appliances, air conditioners, window treatments, overhead lighting, and furnaces.

On May 11, 2007, seeking to convert an old warehouse into condominiums, the Debtor borrowed $5,000,000.00 from PCB, evidenced by a promissory note, and executed a deed of trust granting PCB a first priority lien on the Debtor's real property (the "First Deed of Trust"). On July 28, 2008, the Debtor borrowed another $500,000.00 from PCB, evidenced by a second promissory note, and executed a second deed of trust on the same real property. The second Deed of Trust also purported to grant PCB a security interest in the Debtor's personal property. On June 13, 2012, the Debtor filed a Chapter 11 bankruptcy and has since operated as a debtor-in-possession pursuant to Section 1107(a) of the Bankruptcy Code.

On July 27, 2012, the Debtor initiated this adversary proceeding by filling the Complaint. The first cause of action seeks to avoid the First Deed of Trust pursuant to Section 544(a)(1). It alleges that the First Deed of Trust contains circuitous definitions of the terms "Indebtedness," "Note," and "Related Documents," and fails to refer to any evidence of the underlying obligation. The First Deed of Trust provides a security interest for "(A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER

THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST." It defines "Indebtedness" as "all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents." "Note" is defined as "the note secured by this document is specifically identified on the first page of this document…" "Related Documents" is defined as "all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness." The Complaint alleges that the First Deed of Trust is invalid because it fails to adequately identify the obligation that it secures. Specifically, the first page of First Deed of Trust does not identify the "Note" despite the indication in its definition.

The second cause of action in the Complaint alleges that PCB did not perfect its interest in the Debtor's personal property. Both of PCB's deeds of trust define "Personal Property" as "all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for any of such property, and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property." In an attempt to perfect its security interest in personal property, PCB filed a UCC-1 financing statement with the Forsyth County Register of Deeds (the "Fixture Filing"), but PCB acknowledges that no financing statement was filed with the North Carolina Secretary of State. The Debtor attached certain documents to the Complaint, including the deeds of trust, the first promissory note, the

Fixture Filing, and the certified results of a search of the records of the North Carolina Secretary of State.

On August 10, 2012, PCB moved to dismiss the Complaint, attaching the Construction Loan Agreement to the Motion. PCB argues that the Construction Loan Agreement, which was referenced in the First Deed of Trust, specifically identifies the underlying obligation. PCB further argues that the Deed of Trust itself contains sufficient information to specifically identify the Note under North Carolina law. Finally, PCB argues that the personal property referenced in the Complaint constitutes fixtures and that the Fixture Filing perfected PCB's security interest. At the hearing, PCB acknowledged that North Carolina law applies to the issue of whether the personal property lien was perfected.

## II.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (K), and (O), which this Court has the jurisdiction to hear and determine. Pursuant to the analysis in Stern v. Marshall, 564 U.S. --, 131 S. Ct. 2594 (2011), the Court may enter a final order in this matter.

## III.  LEGAL ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 616 n. 26 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A complaint is facially plausible if it pleads factual allegations that would allow the court to reasonably infer the

plaintiff's entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Twombly, 550 U.S. at 556. In deciding a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences therefrom in the plaintiff's favor. Kensington Volunteer Fire Dept. Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). The court "'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Wahi, 562 F.3d at 616 n. 26 (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 219 (4th Cir. 2006)).

"[A]s a general rule extrinsic evidence should not be considered at the 12(b)(6) stage." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). However, where the defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." Id. (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)); Kensington Volunteer Fire Dept., 684 F.3d at 467 (quoting Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).

A. The First Claim

Section 544(a)(1) of the Bankruptcy Code permits a debtor-in-possession to avoid any transfer of the debtor's property that would be voidable by a hypothetical lien creditor. In re Taylor-Ramsey Corp., 458 B.R. 270, 274 (Bankr. M.D.N.C. 2011). To assert an avoidance claim under Section 544, the Debtor must sufficiently allege facts that demonstrate that a security interest is somehow invalid or otherwise voidable. See, e.g., In re Meade, 2011 WL 5909398 (Bankr. E.D.N.C. July 29, 2011) (permitting the avoidance of a deed of trust

improperly describing real property); In re Ware, 2003 WL 22956837 (Bankr. M.D.N.C. Dec. 15, 2003) (noting that the plaintiff would be entitled to avoid an unperfected security interest in personal property). Generally, courts look to applicable non-bankruptcy law to determine the property interests of the parties. See Lee v. Anasti (In re Lee), 461 Fed. Appx. 227, 233 (4th Cir. 2012) (citing Butner v. United States, 440 U.S. 48, 55 (1979)). The Court finds that North Carolina law is applicable.

"North Carolina law requires deeds of trust to specifically identify the debt referenced therein." In re Head Grading Co., Inc., 353 B.R. 122, 123 (Bankr. E.D.N.C. 2006). Because there are no specific requirements as to what constitutes specific identification, courts should look to the facts of each case to determine whether the information provided sufficiently describes the underlying obligation. In re Beckhart, 2011 WL 5902598, at *5 (Bankr. E.D.N.C. July 21, 2011).

Here, the Court concludes that the First Deed of Trust, alone, does not specifically identify the underlying debt as required by North Carolina law. Because the Complaint does not refer to it, the Construction Loan Agreement attached to the Motion is not integral to the Complaint. Thus, while the Construction Loan Agreement may be properly considered at a later stage of this proceeding, at this stage it is not proper for the Court to consider it. Accordingly, the Debtor's first cause of action states a plausible claim for relief.

B.  The Second Claim

The Second Claim for Relief seeks to avoid PCB's Personal Property Liens under 11 U.S.C. § 544(a)(1). The North Carolina Uniform Commercial Code provides:

> if the local law of this State governs perfection of a security interest … the office in which to file a financing statement to perfect the security interest … is: (1) The

> office designated for the filing or recording of a record of a mortgage on the related real property if: … b. The financing statement is filed as a fixture filing and the collateral is goods that are or are to become fixtures; or (2) The office of the Secretary of State, in all other cases, including a case in which the collateral is goods that are or are to become fixtures and the financing statement is not filed as a fixture filing.

N.C. Gen. Stat. § 25-9-501.

Here, the Complaint alleges that PCB did not perfect its security interest in personal property because it failed to file a UCC-1 financing statement with the North Carolina Secretary of State. The Complaint only provides a general classification of the types of personal property purportedly owned by the Debtor, which may or may not constitute goods other than fixtures. North Carolina law requires that a financing statement be filed with the Secretary of State for all goods other than fixtures. The Court notes that PCB admitted that it did not file a financing statement with the Secretary of State. Accepting the allegations in the Complaint as true, and declining to make a determination as to the nature of the personal property at this stage, the Court concludes that the Debtor's second cause of action states a plausible claim for relief.

## IV.  CONCLUSION

Accepting the allegations in the Complaint as true, and considering only the documents that are integral to the Complaint, the Debtor has alleged facts that sufficiently support the claims for relief. Therefore, the Motion will be denied.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

END OF DOCUMENT