**SO ORDERED.**

**SIGNED this 15th day of May, 2013.**


THOMAS W. WALDREP, JR.
UNITED STATES BANKRUPTCY JUDGE



_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| TOBACCO SQUARE LLC, | ) | Case No. 12-50856 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| TOBACCO SQUARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 12-06046 |
| | ) | |
| v. | ) | |
| | ) | |
| PUTNAM COUNTY BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Before the Court is the Motion Pursuant to Bankruptcy Rule 8002 to Amend and Make Additional Findings of Fact (the "Motion"), filed by Tobacco Square LLC (the "Debtor") on April 9, 2013, and the Response thereto, filed by Putnam County Bank ("PCB") on April 23, 2013. On March 26, 2013, the Court issued a Memorandum Opinion granting summary judgment in favor of PCB and denying the Debtor's summary judgment motion regarding the

1

validity of PCB's $5,000,000.00 lien against the Debtor's real property. Following a hearing on May 2, 2013, and upon consideration of the Motion, the Response thereto, and the arguments of counsel, and for the reasons that follow, the Court will deny the Motion in part and grant it in part.

## I. FACTS AND PROCEDURAL POSTURE

The facts leading to this adversary proceeding have been explained at length in the Court's Memorandum Opinion, dated March 26, 2013, ruling on the summary judgment motions, as well as the Court's Memorandum Opinion ruling on PCB's Motion to Dismiss, dated October 26, 2013. As there is no need to reiterate those facts, this opinion begins with the relevant procedural posture.

On January 25, 2013, the Debtor and PCB moved for summary judgment seeking a determination of the extent and validity of PCB's $5,000,000.00 lien on the Debtor's real property. The Debtor sought to avoid PCB's lien, arguing that the Deed of Trust did not adequately describe the underlying debt that it secured. To the contrary, PCB argued that, considering the Note, the Deed of Trust, and the Related Documents, as defined by their various agreements, the underlying debt was sufficiently identifiable. The Court held a hearing on the cross motions for summary judgment and, at its conclusion, stated a ruling on the record. On March 26, 2013, the Court issued a Memorandum Opinion, scribing the oral ruling and providing further detail and support for it. In the Memorandum Opinion, the Court denied the Debtor's motion for summary judgment as to the avoidance of the lien, holding that, considering the Deed of Trust and the documents that it referenced, the underlying debt secured by the Deed of Trust was specifically identifiable.

On April 23, 2013, the Debtor filed the Motion seeking amendments to the Opinion and clarification as to various issues.

## II. ANALYSIS

**A.  Description of Indebtedness**

The Debtor requests that the Court amend its statement that the Debtor did not "argue that the description of the indebtedness contained in the Construction Loan Agreement is defective or insufficient." (Memo. Op. P. 6). The Debtor argues that it did describe instances of where "the Construction Loan Agreement is insufficient to aid in specifically identifying the note underlying the Contested DOT" and lists seven instances. All listed instances state general deficiencies in the Construction Loan Agreement and its ability to assist in specifically identifying the note. The Debtor's motion and response set forth arguments that can be summarized as follows:

1. The Construction Loan Agreement does not specifically identify a note.
2. The Construction Loan Agreement could relate to more than one note or loan.
3. The Construction Loan Agreement is not a note.
4. The Construction Loan Agreement does not aid in identifying the note .

Although the Debtor's arguments generally suggest that the Construction Loan Agreement is of no use in identifying the note, none of the listed instances address the "description of the indebtedness." Furthermore, the Debtor "requests that the Court amend its statement that Tobacco Square did not argue that the Construction Loan Agreement was defective". (Pl.'s M. at ¶ 13). However, the Memorandum Opinion at no point states or suggests that the Debtor failed to argue that the Construction Loan Agreement, or any related document, was defective. Additionally, the Memorandum Opinion explains the reasoning behind the Court's determination that the Construction Loan Agreement aids in the identification of the

note. Thus, the Motion is denied as to this request.

**B.     Identification of the Variable Rate of Interest**

The Debtor also requests that the Court make additional findings of fact regarding whether the Construction Loan Agreement identifies the variable rate of interest and the $5,000,000.00 debt. Upon review of the documents, the Construction Loan Agreement does not identify the variable rate, but instead states that it "shall bear interest on so much of the principal sum as shall be advanced pursuant to the terms of this Agreement and the Related Documents."

The Construction Deed of Trust is a Related Document, and it provides, in the Future Advances clause, that "The amount of present obligations secured by this Deed of Trust is [$80,000.00] and the maximum principal is [$5,000,000.00]." Moreover, the Construction Deed of Trust does identify the variable rate of interest in the definition of "Note," providing ""NOTICE TO GRANTOR: THE NOTE CONTAINS A VARIABLE INTEREST RATE." Thus, the Deed of Trust sufficiently identifies the $5,000,000.00 debt and the variable rate of interest on its own. Accordingly, the Court will grant the Motion as to this request and hereby amends the findings to reflect that the Construction Deed of Trust references the variable rate of interest and the $5,000,000.00 obligation.

**C.     The Outstanding Notes**

The Debtor requests that the Court make additional findings of fact relating to the three notes outstanding on May 11, 2007, and analyze the impact of the notes on the Court's decision. The record is clear as to the preexisting notes. All relevant documents were executed on the same date. There is nothing confusing or misleading about the outstanding notes that would leave a third party to believe that the Construction Deed of Trust did not secure the $5,000,000 obligation. At most, the reference to the preexisting notes establishes that there was additional

debt included in the $5,000,000 obligation–not that the $5,000,000 obligation was not secured at all.  Therefore, the Motion is denied as to this request.

**D.     Related Document**

The Debtor requests that the Court make additional findings of fact and clarify whether the Construction Loan Agreement is a "Related Document" in light of the language on the Construction Deed of Trust.  The Construction Deed of Trust provides that it secures

> … (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS ALSO GIVEN TO SECURE ANY AND ALL OF THE GRANTOR'S OBLIGATIONS UNDER THAT CERTAIN CONSTRUCTION LOAN AGREEMENT BETWEEN GRANTOR AND LENDER OF EVEN DATE HEREWITH.

The Construction Deed of Trust also defines "Related Documents" as "<u>all</u> promissory notes, credit agreements, <u>loan agreements</u>, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other Instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness." (emphasis added).  This definition explicitly includes loan agreements and while the Debtor asserts that the Construction Loan Agreement is not a note, there is no dispute that the Construction Loan Agreement is a loan agreement.  Accordingly, by explicit definition, the Construction Loan Agreement constitutes a "Related Document" as contemplated by the Construction Deed of Trust.

Although the documents refer to the Construction Loan Agreement and related documents, there is nothing that precludes the document from being redundant and referring the Construction Loan Agreement more than once for the same proposition.  Accordingly, this

explanation provides the requested clarification, and the Motion is granted as to this request.

### III. CONCLUSION

The Court concludes that the record is sufficiently clear. With the exception of the two issues explained in this opinion, the Court determines that there is no need to further amend or clarify its Memorandum Opinion of March 26, 2013. Therefore the Motion will be denied in part and granted in part.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

END OF DOCUMENT